UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY S. HERNANDEZ,

         Plaintiff,

   v.

SAN MATEO COUNTY JAIL,

         Defendant.

Case No.  16-cv-01680-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

     Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

DISCUSSION

**STANDARD OF REVIEW**

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

United States District Court
Northern District of California

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he received inadequate medical care while at San Mateo County Jail. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily

---

[1] It is not clear if plaintiff is a pretrial detainee or a convicted prisoner. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

1    activities; or the existence of chronic and substantial pain are examples of indications that a

2    prisoner has a "serious" need for medical treatment. *Id*. at 1059-60.

3         A prison official is deliberately indifferent if he or she knows that a prisoner faces a

4    substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

5    it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of

6    facts from which the inference could be drawn that a substantial risk of serious harm exists," but

7    he "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but

8    was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.

9    *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion

10    between a prisoner-patient and prison medical authorities regarding treatment does not give rise to

11    a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

12         Plaintiff states that medical staff failed to provide him with his medications and physical

13    support implements. He states that he is disabled and has been suffering due to the lack of proper

14    medical care. Yet, plaintiff has not identified any specific individual nor has he described his

15    medical problems and what medications and physical support implements were denied. The

16    complaint is dismissed with leave to amend. Plaintiff must provide more details regarding his

17    medical condition and how the denial of the medications and support implements was deliberately

18    indifferent to his serious medical needs. He must also identify the specific actions of each

19    defendant and describe how they violated his constitutional rights.

20                          **CONCLUSION**

21        1.       The complaint is **DISMISSED** with leave to amend. The amended complaint must

22    be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption

23    and civil case number used in this order and the words AMENDED COMPLAINT on the first

24    page. Because an amended complaint completely replaces the original complaint, plaintiff must

25    include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

26    Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to

27    amend within the designated time will result in the dismissal of this case.

28

United States District Court
Northern District of California

2.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  May 23, 2016

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY S, HERNANDEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>SAN MATEO COUNTY JAIL,<br><br>             Defendant. | Case No.  16-cv-01680-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony S, Hernandez
#1019702
San Mateo County Jail
300 Bradford Street
Redwood City, CA 94063

Dated: May 23, 2016

Susan Y. Soong
Clerk, United States District Court

By: _Lisa R. Clark_
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5